IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

FILED
SEP 13 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>VERONICA SHARON CUNNINGHAM, )<br>a/k/a "Sharon Veronica Louis" and )<br>"Veronica Sharon Louis," )<br>)<br>Defendant. ) | Criminal No. 3:11CR248 |

## CONSENT ORDER OF FORFEITURE

BASED UPON the defendant's conviction, and finding that there is a requisite nexus between the property listed below and the offenses for which the defendant has been found guilty, and that the defendant has a legal interest in said property, IT IS HEREBY ORDERED:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(7):

> The sum of **$6,678,525.74 representing the proceeds of the offenses charged, to be offset by the forfeiture of any specific property, constituting substitute assets for the proceeds.**

2. A judgment in the amount of **$6,678,525.74**, shall be included in the sentence of the defendant, and the United States may take steps to collect said judgment from any assets of the defendant in accordance with Federal Rule of Criminal Procedure 32.2(e).

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in any property seized, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

4. Any person other than the defendants asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of their alleged interest in the property.

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the *final* order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with law.

September 13, 2012                                                                REP
Date

The parties stipulate and agree that the aforementioned money judgment constitutes property that is derived, directly or indirectly, from proceeds traceable to the commission of the fraud offenses and is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7). The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, and announcement of the forfeiture at sentencing and consents to the entry of this Order.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

G. Wingate Grant                                                      Counsel for Defendant
Assistant United States Attorney

2